UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                                              Case No.: 5:19-cr-5-JA-PRL

JUSTIN LEWIS
_____/

REPORT AND RECOMMENDATION[1]

The Defendant, who has been represented, but is now proceeding pro se, has repeatedly challenged the revocation of his bond. Indeed, his prior effort to proceed in forma pauperis on an interlocutory appeal of this issue has previously been denied as not taken in good faith. (See Doc. 173). That order recounts his efforts to challenge his bond revocation.

Since then, he persists in his efforts. A month after the denial of his motion to proceed IFP on appeal he filed another motion for his release (Doc. 175), which was again denied (Doc. 182). He sought reconsideration of that denial (Doc. 208), which was denied as well (Doc. 211).

The defendant then filed a "Notice of Expediated Appeal" (Doc. 215), stating he was appealing the magistrate judge's decision (Doc. 211) to the Eleventh Circuit. The district judge construed the appeal (Doc. 215) as an appeal to the district court of the magistrate judge's

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

decision and entered an order directing the Defendant to file a brief in support of his appeal. (Doc. 218). It appears that instead of filing the ordered brief, the Defendant filed additional notices of appeal (Doc. 219 & 221), along with motions to proceed IFP (Docs. 220 & 222). He then filed a motion to withdraw his initial notice of appeal (the one filed at Doc. 215) (Doc. 223), which the Court denied (Doc. 225).

Then, because he failed to file the ordered brief, the Court dismissed his appeal of the magistrate judge's order for failure to prosecute it. (Doc. 227).

He has now filed another notice of appeal, styled "Notice of Expediated Appeal to the Eleventh Circuit," stating his intent to appeal to the Eleventh Circuit the denials of his motions for release, referencing his motions at docket entries 175 and 208. Those motions were denied at docket entries 182 and 211, respectively, which is where we started. And notably, those came after similar challenges he made and a prior attempt to appeal and proceed in forma pauperis, as mentioned above. He seeks to proceed in forma pauperis on appeal again. (See Docs. 229 and 236).

"A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization," unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis" or "a statute provides otherwise." Fed. R. App. P. 24(a)(3).

I submit that the Defendant's appeal is not taken in good faith and that his motions to proceed in forma pauperis should be denied. The Defendant had his bond revoked after a

2

substantive hearing. (Doc. 97). He repeatedly sought to have that decision reconsidered and each of his requests were denied after careful consideration and a written order. Under 18 U.S.C. § 3142(f) the detention hearing may be reopened "if the judicial officer finds that information exists that was <u>not known to the movant</u> at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." (emphasis added). As stated in prior orders addressing the Defendant's numerous challenges to the revocation of his bond: this standard has never been met. Indeed, since the revocation of his bond, he has been adjudicated guilty in the Northern District of Florida and is awaiting sentencing there. That fact certainly is new (that is, was not known to the defendant at the time of his initial revocation hearing), but mitigates against his repeated requests for a bond. His efforts now to again appeal the denial of his motions for release are not taken in good faith and his motions to proceed in forma pauperis should be denied.

It is respectfully recommended that the Defendant's pending motions to appeal in forma pauperis be denied. (Docs. 229 & 236).

**RECOMMENDED** in Ocala, Florida on February 16, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

c: Defendant
United States Attorney
United States Marshal
United States Pretrial